

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 26, 2007             United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TY SHANNON MILLSAP | § | CASE NO. 07-41022-DML-11 |
| | § | |
| DEBTOR. | § | Chapter 11 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 19, 2007 in Fort Worth, Texas, came on for final consideration the First Amended Plan of Reorganization for Ty Shannon Millsap ("Plan") (Docket # 45) proposed by Ty Shannon Millsap ("Debtor"). The Plan has been modified by the First Modification to the First Amended Plan of Reorganization for Ty Shannon Millsap ("First Modification") (docket # 52). Reference is here made to the Plan, as modified by the First Modification, for all purposes. Terms used in these Findings of Fact and Conclusions of Law ("Findings") shall be given the same meaning as in the Plan.

ACCORDINGLY, based on the evidence, exhibits and arguments of counsel, the Court having independently considered and reviewed the terms of the Plan, the Court makes the following Findings with respect to the confirmation of the Plan.

**FINDINGS OF FACT**

A. **Objections**

    1.    No objections to the Plan were filed by any party.

B. **Background**

    2.    This bankruptcy case was filed on March 5, 2007. The Debtor has remained as a debtor-in-possession during the course of the case.

    3.    The Bar Date for filing Claims by non-governmental Creditors was established as July 5, 2007 pursuant to the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines entered in this case on March 6, 2007 (docket # 4).

    4.    No creditors committee was ever appointed in this case.

    5.    On November 8, 2007, the Court entered an Order Approving Debtor's First Amended Disclosure Statement (docket # 48) approving the First Amended Disclosure Statement with Respect to the First Amended Plan of Reorganization for Ty Shannon Millsap ("<u>Disclosure Statement</u>") (docket # 46) and setting other deadlines. Pursuant to the terms of this Order and as reflected in the Certificate of Service of Confirmation Solicitation Packet filed on November 13, 2007 (docket # 49), confirmation packages consisting of the Disclosure Statement (which included a copy of the Plan) and ballots for voting to accept or reject the Plan were served upon creditors and parties in interest on November 13, 2007.

C. **Voting on the Plan.**

    6.    The Debtor has filed an Amended Tabulation of Ballots with Accompanying Affidavit of Linda Breedlove (Debtor's Exhibit 4) which has also been filed of record with the Court (Docket # 55) and reflects as follows:

    **Class 1 – Secured Claims (other than Doss Secured Claim)**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |

| | |
|---|---|
| Total Dollar Amount Accepting | $0.00 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

Class Status: Non-voting

**Class 2 – Doss Secured Claim**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0.00 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

Class Status: Non-voting

**Class 3 – Unsecured (General) Claims**

| | |
|---|---|
| Total Ballots Received | 4 |
| Total Ballots Accepting | 4 |
| Total Dollar Amount Accepting | $318,271.59 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

Class Status: Accept

**Class 4 – Child Support Claims**

| | |
|---|---|
| Total Ballots Received | 1 |
| Total Ballots Accepting | 1 |
| Total Dollar Amount Accepting | $6,454.25 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

Class Status: Accept

**Class 5 – Debtor's Interests**

Class 5 is unimpaired and not entitled to vote

Class Status:          Non-voting

**Summary Class Votes**

| Class 1 | Non-voting |
|---|---|
| Class 2 | Non-voting |
| Class 3 | Accept |
| Class 4 | Accept |
| Class 5 | Non-voting |

7.      Class 5 – Debtor's Interests is unimpaired.  Pursuant to section 1126(f) of the Bankruptcy Code,[1] such Class is unimpaired and is conclusively presumed to have accepted the Plan.

8.      Accordingly, the Court concludes that the Plan has been accepted or rejected by the various Classes as follows:

   a.      <u>Class 1 – Secured Claims (other than Doss Secured Claim)</u>.  No Proofs of Claim were filed by any Creditor within this Class and no ballots were received within this Class;

   b.      <u>Class 2 – Doss Secured Claim</u>.  This Class is comprised solely of the Doss Secured Claim and is impaired.  Although the holder of the Doss Secured Claim did not submit a ballot on the Plan, the Court finds and concludes that the letter agreement dated November 8, 2007 executed by Bill F. Knight, who is principal of the holder of the Doss Secured Claim, a copy of which was admitted into evidence at the confirmation hearing as Debtor's Exhibit 14,

---

[1] Section references herein, unless otherwise specified, are to Title 11 of the U.S. Code, the U.S. Bankruptcy Code.

constitutes an acceptance of the Plan by the holder of the Doss Secured Claim. Therefore, Class 2 has accepted the Plan;

    c.    <u>Class 3 – Unsecured (General) Claims</u>. Class 3 has accepted the Plan;

    d.    <u>Class 4 – Child Support Claims</u>. Class 4 has accepted the Plan; and

    e.    <u>Class 5 – Debtor's Interests</u>. This Class is unimpaired and is deemed to have accepted the Plan pursuant to section 1126(f).

**D.**    **<u>Compliance with Section 1123.</u>**

    9.    With respect to the requirements of section 1123:

    a.    The Plan designates Classes of Creditors and Interests in compliance with section 1123(a)(1);

    b.    The Plan specifies each Class of Claims or Interests that is not impaired in accordance with section 1123(a)(2);

    c.    The Plan specifies the treatment of each Class of impaired Claims in accordance with section 1123(a)(3);

    d.    The Plan provides the same treatment for each Claim or Interest included in a particular Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest in accordance with section 1123(a)(4);

    e.    The Plan provides adequate means for its implementation in compliance with section 1123(a)(5);

    f.    The requirements of section 1123(a)(6) are not applicable in this case;

    g.    The requirements of section 1123(a)(7) are not applicable in this case; and

    h.    To the extent that the sources of funding for the Plan qualify as future income of the Debtor, the Plan provides for the payment to Creditors of a portion of the future income of the Debtor necessary for execution of the Plan in accordance with section 1123(a)(8).

**E.**    **<u>Compliance with Section 1129</u>**

    10.    With respect to the requirements of section 1129:

      a.      The Plan complies with the applicable provisions of Title 11 in compliance with section 1129(a)(1);

      b.      The Debtor, as proponent of the Plan, has complied with the applicable provisions of Title 11 in compliance with section 1129(a)(2);

      c.      The Plan has been proposed in good faith and not by any means forbidden by law in compliance with section 1129(a)(3);

      d.      Any payment made or to be made by the Debtor for services, costs or expenses in or in connection with the Plan or incident to the case, has been approved by, or is subject to approval by, the Court as reasonable in compliance with section 1129(a)(4);

      e.      Because the Debtor is an individual, the requirements of section 1129(a)(5) are not applicable in this case;

      f.      Because the Debtor is not subject to any governmental or regulatory commissions, the requirements of section 1129(a)(6) are not applicable in this case;

      g.      With respect to each impaired Class of Claims or Interests, each such holder of a Claim or Interest has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor's Assets were liquidated under Chapter 7 of Title 11 on such date. The Plan complies with section 1129(a)(7);

      h.      As to section 1129(a)(8), Class 1 is impaired and did not vote to either accept or reject the Plan. All other impaired Classes have accepted the Plan;

      i.      With respect to the requirements of section 1129(a)(9):

      (i)      With respect to administrative claims of the type specified in section 507(a)(2), the Administrative Claims of the Debtor's attorneys will not be paid on the Effective Date, but will be paid in accordance with an agreement between the Debtor and the Debtor's attorneys at a later date;

      (ii)      As this is a voluntary bankruptcy case, there are no claims of a kind specified in section 507(a)(3);

    (iii) With respect to Claims of the type specified in section 507(a)(1), Class 4 includes such Claim, Class 4 has accepted the Plan and the holders of such Claims shall receive deferred cash payments of a value, as of the Effective Date, equal to the Allowed amount of such Claims;

    (iv) There are no claims of a kind specified in section 507(a)(4), (5), (6), or (7) in this case; and

    (v) With respect to Claims of the type specified in section 507(a)(8), the IRS holds such Claims against the Debtor and, under the Plan, will receive regular cash installment payments that total, as of the Effective Date, the Allowed amount of such Claims, and such treatment is no less favorable than the treatment provided with respect to any non-priority unsecured Claim under the Plan.

  j. At least one Class of impaired Claims has accepted the Plan in compliance with section 1129(a)(10);

  k. The confirmation of the Plan is not likely to be followed by the liquidation of, or the need for further financial reorganization by, the Debtor or any successor to the Debtor under the Plan, except when such liquidation has been proposed under the Plan in compliance with section 1129(a)(11). The Plan is feasible;

  l. The Plan provides for the payment of all fees pursuant to 28 U.S.C., section 1930 upon the effective date of the Plan in compliance with section 1129(a)(12);

  m. The requirements of section 1129(a)(13) are not applicable in this case;

  n. The Debtor has paid all domestic support obligations that first became due after the Petition Date in compliance with section 1129(a)(14);

  o. As no unsecured Creditor has objected to confirmation of the Plan, the requirements of section 1129(a)(15) are not applicable in this case; and

  p. As the Debtor is an individual, the requirements of section 1129(a)(16) are not applicable in this case.

  11. The only impaired Class that did not accept the Plan is Class 1. Class 1 did not vote to reject the Plan, but no ballots were received from any Creditor in Class 1. As set forth in the analysis below, the lack of acceptance of the Plan by Class 1 notwithstanding, the Court

finds that the Plan, as to Class 1 Creditors, complies with the applicable requirements of section 1129.

F.     **The First Modification to the Plan**

12.    The modifications made to the Plan by the First Modification were made subsequent to the deadline for voting on the Plan and prior to confirmation of the Plan. The modifications made to the Plan by the First Modification are non-material and do not adversely change the treatment of the Claim of any Creditor or Interest holder that has not accepted the modifications in writing.

G.     **Allowed Amount of Quail County Construction Co., Inc. Claim**

13.    The Debtor and Quail County Construction Co., Inc. ("Quail Construction") have reached an agreement concerning the Allowed amount of the Class 3 Unsecured (General) Claim held by Quail Construction. The Allowed Amount of such Claim shall be $252,394.93, which shall constitute the pre-petition balance of such Claim in the amount of $248,803.93 plus Quail Construction's attorney's fees in the amount of $3,591.00.

## CONCLUSIONS OF LAW

14.    The Court has jurisdiction over this case pursuant to 28 U.S.C., section 1334. This case and all related matters have been referred to the Court pursuant to 28 U.S.C., section 157(b). The confirmation of the Plan constitutes a "core" proceeding pursuant to section 157(b)(2)(A), (L) and (O).

15.    In accordance with the Order approving the Disclosure Statement, the Debtor has given notice of the filing of the Plan, the deadline for objections to the Plan, and the date and time of the Confirmation Hearing. The Court finds that such notice is sufficient and proper notice.

16.    The Plan satisfies the requirements of section 1123.

17.    Pursuant to Federal Rule of Bankruptcy Procedure 3019, all Creditors that voted to accept the Plan are deemed to have accepted the Plan as modified by the First Modification.

18. The Plan complies with the requirements of section 1129(a) except for the requirement of section 1129(a)(8) based on the lack of the acceptance of the Plan by Class 1. As to all other Creditors and Interest Holders, the Plan complies with the requirements of section 1129(a).

19. With respect to Class 1, the Plan is still subject to confirmation, the failure to satisfy section 1129(a)(8) notwithstanding, pursuant to the provisions of sections 1129(b)(1) and 1129(b)(2)(A), the latter of which provides in relevant part as follows:

> For purposes of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> * * *
>
> (A) With respect to a class of secured claims, the plan provides –
>   (i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
>   (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
>   (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
>   (iii) for the realization by such holders of the indubitable equivalent of such claims.

20. The Plan provides for the treatment of Class 1 Claims in paragraph 4.1(a), the applicable provisions of which state as follows:

> (a) <u>Generally</u>. Each holder of a Secured Claim shall be placed within a separate subclass of this Class 1. Each such Class 1 Claim shall, for purposes of accepting or rejecting the Plan and for receiving distributions under the Plan, be treated as though in a separate Class. A Claim shall be treated as a Secured Claim to the extent of the value of the Collateral securing such Claim as determined by the Bankruptcy Court. Subject to subparagraphs (b) below, as soon as practicable after the Effective Date, as to each holder of a Secured Claim, the Reorganized Debtor may either (i) return the Collateral in full satisfaction of such Secured Claim, (ii) pay cash in an amount equivalent to the lesser of the value of the Collateral or the full amount of the Secured Claim, (iii) allow the Secured Claimant to offset in satisfaction of its Claim, (iv) file a Valuation Motion to determine the value of the Claimant's Collateral, or (v) provide such other treatment as may be agreed to in writing by such holder of the Secured Claim and the Reorganized Debtor. In the

event that any such Claimant's total Allowed Claim exceeds the value of the Collateral, any such excess (exclusive of post-petition interest, fees or other charges that such Secured Creditor could otherwise assert) shall constitute an Unsecured (General) Claim for purposes of this Plan, unless such Claimant has elected treatment pursuant to section 1111(b) of the Bankruptcy Code and in accordance with Bankruptcy Rule 3014. Reorganized Debtor shall, at its sole discretion, determine whether the treatment afforded will be a return of the Collateral or payment in Cash. Class 1 Creditors may be impaired depending upon their specific treatment.

21. Although Class 1 did not vote on the Plan and therefore did not accept the Plan, no objections to the Plan were filed by any party. Consequently, any Allowed Claim that constitutes a Class 1 Secured Claim shall be treated in accordance with the provisions of paragraph 4.1(a) of the Plan. With respect to the treatment of Class 1 Claims, the Plan does not discriminate unfairly against the holder of any Class 1 Claim, is fair and equitable and complies with sections 1129(b)(1) and 1129(b)(2)(A) in all respects. Consequently, despite the lack of any acceptance of the Plan by Class 1, the Plan may still be confirmed pursuant to sections 1129(b)(1) and 1129(b)(2)(A).

22. The Plan meets all requirements of Title 11 for confirmation and should be confirmed and approved.

23. The above findings of fact shall constitute conclusions of law and vice versa.

# # # END OF ORDER # # #

L:\JPROSTOK\Millsap, Shannon - Chapter 11 - #1942\Pleadings\Findings and Conclusions re confirmation 12.19.07.doc